IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO


| | |
|---|---|
| **JESSIE A. QUINONES-TORRES,**<br>      Petitioner,<br><br><br>       v.<br><br><br>**UNITED STATES,**<br>      Respondent.<br>_____ | *<br>*<br>*<br>*<br>*<br>*<br>*      **CIVIL NO. 11-1462(JAG)**<br>*      **Related No.00-048(JAF)**<br>*                   **04-1528(JAF)**<br>*<br>* |

<u>**OPINION & ORDER**</u>

Before the Court is Petitioner's petition pursuant to 28 U.S.C. § 2241 for Writ of Habeas Corpus with attached memorandum of law (D.E. 1)[1], Respondent's response(D.E. 15), and petitioner's reply (D.E. 16). For the reasons discussed below, the petition shall be **DISMISSED WITH PREJUDICE.**

**I. BACKGROUND**

On March 29, 2001, Petitioner Jessie A. Quinones-Torres(herein after "Petitioner" or "Quinones-Torres"), was sentenced to a total term of imprisonment of two hundred and four (204) months as to counts one and two of the superseding indictment in which he was charged in criminal case number 00-048(JAF)(Crim. D.E. 450).

Petitioner had plead guilty to violations to 21 U.S.C. § 846; and 18 U.S.C. § 1956(h).[2](Crim. D.E. 314).

---

[1]D.E. is an abbreviation for docket entry.

[2]Petitioner plead guilty pursuant to a binding plea agreement with the United States as allowed by Fed. R. Crim. P. 11(c)(1)(C).

On April 10, 2001, Quinones-Torres filed a Notice of Appeal (Crim. D.E. 507). On March 26, 2003, the First Circuit Court of Appeals issued its mandate affirming Petitioner's conviction and sentence.[3] (Crim. D.E. 841).

On June 3, 2004, Quinones-Torres filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255; the same was given civil number 04-1428(JAF) (Crim. D.E. 883). On May 25, 2005, the Court dismissed with prejudice Petitioner's 2255 claim. (Crim. D.E. 908). On October 7, 2005, Quinones-Torres filed a motion for certificate of appealability (D.E. 23 in Case No. 04-1428(JAF)). On October 14, 2005, the Court issued its order denying the certificate of appealability (D.E. 24 in Case No. 04-1428 (JAF)).

On December 20, 2005, Petitioner filed a notice of appeal as to the denial of the certificate of appealability (D.E. 25 in Case No. 04-1428(JAF)). On August 2, 2007, the Appeals Court issued its Judgment affirming the District Court's denial of the requested certificate of

---

The plea agreement stipulated that the government agreed to recommend a sentence of not more than two hundred and twenty eight (228) months of imprisonment and that Quinones-Torres preserved his right to request, at sentencing, the lower range of the applicable sentencing guideline. At sentencing, the court departed downward pursuant to U.S.S.G. Section 5K2.0 and reduced Petitioner's criminal history category from II to I and consequently sentenced him to a total term of two hundred and four (204) months. (Crim. D.E. 419, 445 and 450).

[3] The First Circuit remanded the case for the sole purpose of correcting the Supervised Release Term stated in the District Court's written judgment which conflicted with the Supervised Release Term orally stated by the District Court during the sentencing hearing. (D.E. 841 in Crim. Case No. 00-048(JAF)).

appealability (D.E. 33 in Case No. 04-1428(JAF)).

On May 18, 2011, Quinones-Torres filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In said petition, Quinones-Torres claims ineffective assistance of counsel during his change of plea hearing and sentencing hearing, as well as ineffective assistance of counsel as to his appellate counsel. Finally, Petitioner challenges his Pre Sentence Report and the sentencing computations reached by the Court and used to impose his sentence. Quinones-Torres requests that he be resentenced to the correct sentence pursuant to his calculations. (D.E. 1 in Case No. 11-1462(JAG)).

## II. DISCUSSION

The purpose of a writ of habeas corpus pursuant to § 2241 is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1994). The unique purpose of habeas corpus is to release the applicant of the writ from unlawful confinement. Wolff v. McDonnell, 418 U.S. 539 (1974). Section 2241 does not allow Petitioner to challenge his change of plea hearing, sentence or conviction. Rather, § 2255 provides a mechanism for relief in the event that a previously imposed sentenced is not carried out by the penal institution in a proper manner.

A petition under § 2241 generally challenges the manner, location, or condition of the execution of a

Civil No. 11-1462(JAG)                                    Page 4

sentence, whereas a petition under section 2255 challenges the validity of the sentence. <u>Thorton v. Sabol</u>, 620 F. Supp.2d 203 (D. Mass. 2009). An analysis of the substance of Quinones-Torres' 2241 petition, regardless of its title, falls clearly within the bounds of a § 2255 request for relief. Thus, the relief sought by Quinones-Torres cannot be granted pursuant to § 2241.

In his 2241 petition Quinones-Torres attempts a second bite at the apple by challenging the conviction and sentence of his criminal case. This time, he is challenging the sentencing computations reached by the Court and requests that he be resentenced according to his proposed calculations. There is not a single issue raised by Petitioner that addresses the execution of his sentence. Therefore, this Court finds that his 2241 petition attempts to circumvent what would have been an automatic denial of his second 2255 petition.

Having established that Petitioner's 2241 request for habeas corpus is but a successive 2255 Petition, the same is **DISMISSED WITH PREJUDICE.**

## III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **JESSIE A. QUINONES-TORRES'**, petition for writ of habeas relief pursuant to § 2241 is **DISMISSED WITH PREJUDICE.**

## IV. CERTIFICATE OF APPEALABILTY

It is further ordered that no certificate of

appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th of February 2014.


S/ Jay A Garcia-Gregory
**JAY A. GARCIA-GREGORY**
**UNITED STATES DISTRICT JUDGE**